UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KELLY WARFIELD,<br><br>      Plaintiff,<br><br>   vs.<br><br>OFFICER WINES, individual capacity and official capacity; MORGAN DUPEE, individual capacity and official capacity; DAVID SPANGLEBERG, individual capacity and official capacity; ZACHARY RUNGE, individual capacity and official capacity; JOHN/JANE DOES, individual capacity and official capacity; FISHER, individual capacity and official capacity; DEREK EKEREN, individual capacity and official capacity; RYAN VANDERAA, individual capacity and official capacity; SETH HUGHES, individual capacity and official capacity; SGT. NICHOLAS RODRIGUEZ, individual capacity and official capacity; TROY ELLIS, individual capacity and official capacity; BRADLEY SORENSEN, individual capacity and official capacity; YULKER, individual capacity and official capacity; TRYAN WOLLMAN, individual capacity and official capacity; TAYLOR YOST, individual capacity and official capacity; JAKE REHWER, individual capacity and official capacity; TABITHA BENTING, individual capacity and official capacity; AMBER PIRRAGLIA, individual capacity and official capacity; ADAM SIMS, individual capacity and official capacity; BEN BALLARD, individual capacity and official capacity; OFFICER SKYLER CRAMMER, individual capacity and | 4:26-CV-04075-CCT<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

official capacity; HAROLD KOSTECK, individual capacity and official capacity; OMAR FRANDANDEZ, individual capacity and official capacity; ROBERT MASON, individual capacity and official capacity; CHRISTOPHER PATTON, individual capacity and official capacity; SD DOC WARDEN(S), individual capacity and official capacity; SD OFFICE OF THE INSPECTOR GENERAL, individual capacity and official capacity; BRENT FLUKE, individual capacity and official capacity; KELLIE WASKO, individual capacity and official capacity; ADDYSON AGGUIRE, individual capacity and official capacity; CHRISTOPHER KOLHOFF, individual capacity and official capacity; OFFICER WILSON, FDOC; individual capacity and official capacity; SHELLI BONSALL, FDOC; individual capacity and official capacity; CARTON T. MCGEE, FDOC; individual capacity and official capacity; CORI A. RANDOLPH, FDOC; individual capacity and official capacity; JANE/JOHN FDOC DOES, individual capacity and official capacity; S. BAILEY, FDOC; individual capacity and official capacity; BETTERSON, FDOC; individual capacity and official capacity; H. WILLIAMS, FDOC; individual capacity and official capacity; MARCUS MELTON, FDOC; individual capacity and official capacity; FREEMAN, FDOC STATE CLASSIFICATION; individual capacity and official capacity; CLAYTON SMITH III, FDOC; individual capacity and official capacity; MARSON, FDOC; individual capacity and official capacity; RIVERA, individual capacity and official capacity; HALL, individual capacity and official capacity; THOMPSON, individual capacity and official capacity; GRIFFIS, individual capacity and official capacity;

2

| | |
|---|---|
| ANGEL ACEVEDO, CENTURION/FDOC; individual capacity and official capacity; MOLLY NICHOLAS, CENTURION/FDOC; individual capacity and official capacity; RN JOSE MARTINEZ, FDOC/CENTURION; individual capacity and official capacity; J M CULL, FDOC; individual capacity and official capacity; WARDEN ALLEN, FDOC/ FLORIDA STATE PRISON; individual capacity and official capacity; RICKY DIXON, SECRETARY OF FDOC; individual capacity and official capacity; WARDEN OF FLORIDA STATE PRISON, FDOC; individual capacity and official capacity; ASST WARDEN OF FLORIDA STATE PRISON, FDOC; individual capacity and official capacity; BLAKE MANEELY, SDDOC; individual capacity and official capacity; GREY, ARAMARK SUPERVISOR AND FORMER SDDOC; individual capacity and official capacity; ARAMARK CORPORATION, individual capacity and official capacity; CENTURION HEALTH CARE, individual capacity and official capacity; NURSE CHAPMAN, FDOC/CENTURION; individual capacity and official capacity; NURSE MILLER, FDOC/CENTURION; individual capacity and official capacity; NURSE SIMILEE, FDOC/CENTURION; individual capacity and official capacity; A MCGREGOR, FDOC; individual capacity and official capacity; C NOEL, FDOC; individual capacity and official capacity; FUGGATTE, FDOC; individual capacity and official capacity; TOPPES, BLUEKNIGHT; individual capacity and official capacity; JOHN DOE, BLUE KNIGHT; individual capacity and official capacity; BLUE KNIGHT, individual capacity and official capacity; MAJOR CODY HANSON, SD DOC; individual capacity and official capacity; and | |

3

| | |
|---|---|
| MAJOR JEANNIE BERTSCH, SDDOC; individual capacity and official capacity, <br><br> Defendants. | |

Plaintiff, Kelly Warfield, an inmate who is now incarcerated in a Florida Department of Corrections facility, filed this pro se civil rights lawsuit. Dockets 1, 1-1. Warfield has also filed a motion for temporary restraining order. Docket 4.

## I.    Procedural and Factual Background

Warfield commenced this action against various South Dakota Department of Corrections officials in their individual and official capacities. *See generally* Docket 1-1. Warfield also names as defendants Florida Department of Corrections officials in their individual and official capacities. *Id.* According to his complaint, Warfield was transferred from the South Dakota State Penitentiary to a Florida state prison on June 17, 2025, which was before this action was commenced. *Id.* at 17–18. Warfield contends that his transfer from South Dakota to Florida was in retaliation for filing grievances and an earlier lawsuit against South Dakota Department of Corrections officials that remains pending.[1] *Id.* at 16–18. Warfield's complaint also includes allegations arising out of his confinement at the South Dakota State Penitentiary that occurred after the commencement of his earlier lawsuit. *Id.* at 3–16.

---

[1] *Warfield v. Hettich*, No. 4:24-CV-04049-ECS (D.S.D. 2024). This Court takes judicial notice that Warfield has filed two motions for a temporary restraining order in his other pending case, both of which have been denied. *Id.* at Docket 35 at 6–7.

Since his arrival at the Florida Department of Corrections facility, Warfield contends that he has not been provided a soft, bland diet to accommodate a gastrointestinal issue and denied access to his South Dakota attorneys and legal research, documents, and supplies. *Id.* at 29, 30, 31, 32; Docket 1-2 at 12–14. According to Warfield's complaint, he has a "brain white matter disease," which causes his cognitive abilities to decline, that the Florida facility is not properly treating. Docket 1-1 at 36. Finally, Warfield claims that he "suffers cardiac area chest pain from reduced/stopped medications[.]" *Id.* Warfield alleges that defendants have violated his constitutional rights under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. *Id.* at 37.

As relief, Warfield requests compensatory damages, punitive damages, declaratory relief, and injunctive relief. *Id.* at 37–38. Specifically, Warfield requests that the Court require "defendants to return Warfield back to South Dakota, [to provide a] tablet with real time access to all of Westlaw Research, [to return] his legal property and supplies, property, not to take away Property, legal property/Supplies, or distroy [sic] or throw away this property in defendants['] possession or once its returned to [him.]" *Id.* at 38. Warfield also request that the Court "[a]ward" him healthcare that he should be getting from defendants: diets, diagnosis, medications, treatments, and devices he previously received or attempted to receive. *Id.* Warfield requests an order enjoining defendants from retaliating against him, including retaliatory restrictive housing or out-of-state transfers. *Id.*

According to Warfield's motion for temporary restraining order, on May 4, 2026, ten days after his complaint was filed, while he was in a holding cell with other inmates awaiting a medical appointment, other inmates demanded that Warfield give them his ADA watch. Docket 4 at 3. When Warfield refused, the other inmates started punching him. *Id.* The inmates Warfield alleges assaulted him commented that Warfield is a child molester. *Id.* at 4. Warfield responded that he is "definitely not a child molster [sic]." *Id.* The inmates responded, "That's what we were told." *Id.* Warfield states the knows "the Florida defendants or staff were involved in the assault on [him] or caused it to occur[.]" *Id.*

Warfield contends that he "will face continuing threats of irrepairable [sic] harm by defendants or their staff . . . in Florida, directly or indirectly, such as lack of medical care [he] was receiving in South Dakota[.]" *Id.* On April 27, 2026, Warfield claims he overheard an officer state ". . .we got to kill him. . ." *Id.*; *see also* Docket 4-1 at 8. Warfield alleges that the Florida Department of Corrections will cause him physical harm, injury, or death in retaliation for filing this lawsuit and grievances. Docket 4 at 4–5. He also alleges that he faces irreparable harm because the legal property, supplies, and research to support a petition for writ of certiorari following the South Dakota Supreme Court's decision affirming his criminal conviction, a state habeas petition, and a federal habeas petition remain in South Dakota. *Id.* at 5.

The relief Warfield requests in his motion for temporary restraining order mirrors the injunctive relief he seeks in his complaint. *Compare* Docket 1-1 at

6

37–38, *with* Docket 4 at 6. Warfield requests a temporary restraining order requiring the South Dakota defendants to "immediately remand [him] back into their custody at the South Dakota [State] Penitentiary," to return all his legal property, and to reinstate all medical orders he had prior to his retaliatory transfer to Florida. Docket 4 at 6, ¶ (a). Pending his transfer back to South Dakota, he requests an order requiring the Florida defendants to provide him the same medical orders, medications, treatments, and devices he had in South Dakota and access to the same legal supplies and legal research materials that he had in South Dakota as well as a "GI/Bland Soft diet 2,700 calories daily and diabetic snack[.]" *Id.* ¶ (b). Finally, Warfield requests that the Court prevent the South Dakota and Florida defendants from retaliating against him. *Id.* ¶ (c).

## II.    Legal Analysis

Rule 65(b) allows this Court to issue a temporary restraining order without notice to the adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice[.]" Fed. R. Civ. P. 65(b). "A temporary restraining order under Rule 65(b) is to prevent immediate and irreparable harm and typically to preserve the status quo until the Court can hear from both sides." *Inst. for Free Speech v. Jackley*, 340 F. Supp. 3d 853, 858 (D.S.D. 2018).

Here, Warfield has not submitted an affidavit but his motion for temporary restraining order includes a declaration under penalty of perjury consistent with 28 U.S.C. § 1746. Docket 4 at 7. Warfield's motion sets forth the facts that he contends demonstrate immediate and irreparable harm. Docket 4. But Warfield did not certify in writing what efforts, if any, he made to give notice of his motion for temporary restraining order and why notice should not be required. *See generally id.* Although Warfield is proceeding pro se, he is not exempt from complying with the Federal Rules of Civil Procedure, local rules, and court orders. *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (citing *Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993)); *see also Matthews v. Iowa State Penitentiary*, No. 4:17-CV-00190-RGE-HCA, 2017 WL 11511637, at *2–3 (S.D. Iowa June 28, 2017) (denying pro se prisoner's motion for temporary restraining order for failing to comply with Rule 65(b)); *Kirk of Family Engel v. Volker*, No. 8:25CV390, 2025 WL 1664311, at *2 (D. Neb. June 11, 2025) (noting that one reason for denying pro se plaintiff's motion for temporary restraining order was for not filing affidavit or certification about efforts to give notice and recognizing that "[h]is pro se status is no reason to disregard those requirements."). Accordingly, Warfield's motion for temporary restraining order, Docket 4, is denied.

Even if Warfield had fully complied with Rule 65(b), Warfield does not address the fact that he is not seeking to preserve the status quo. Instead, he seeks affirmative relief akin to the same relief he seeks in his complaint. The purpose of preliminary relief, such as a temporary restraining order or

8

preliminary injunction, is to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of the complaint. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 n.5 (8th Cir. 1981) (en banc) (citation omitted). "But where the injunction, like the one requested by [Warfield], is mandatory . . . like a mandamus, such relief should be granted sparingly." *Noem v. Haaland*, 542 F. Supp. 3d 898, 911 (D.S.D. 2021) (alternation in original) (internal quotation omitted). "The burden on the movant is particularly demanding for a mandatory injunction because 'granting the preliminary injunction will give the movant substantially the relief [he] would obtain after a trial on the merits.'" *Id.* (quoting *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998)); *see also Flandreau Santee Sioux Tribe v. U.S. Dep't of Agric.*, No. 4:19-CV-04094-KES, 2019 WL 2394256, at *2 (D.S.D. June 6, 2019) ("It is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits." (quotation omitted)). A mandatory preliminary injunction should not be granted unless the movant has shown that "the balance of other factors tips *decidedly* toward the movant." *Haaland*, 542 F. Supp. 3d at 911 (quoting *United Indus. Corp.*, 140 F.3d at 1179).

In a prison setting, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). In the absence of any supporting authority from

the moving party, this Court is not inclined to order that an out-of-state inmate be returned to South Dakota, especially if the South Dakota Department of Corrections has not been notified of the request and had an opportunity to respond. Further, Warfield's broad requests for relief are not consistent with the Prison Litigation Reform Act (PLRA). Although the PLRA permits a court to enter a temporary restraining order or preliminary injunction, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Finally, Warfield does not address whether his official capacity claims against South Dakota prison officials are moot because Warfield is no longer in the custody of the South Dakota Department of Corrections or whether this Court has personal jurisdiction over Florida Department of Corrections prison officials. For these reasons as well, Warfield's motion for temporary restraining is denied.

## III.    Order to Show Cause for Maintaining Complaint Under Seal

When Warfield commenced this action, he requested that his complaint be filed under seal. Docket 1 at 1. The Federal Rules of Civil Procedure and local rules of the District of South Dakota allow for filing documents under seal in civil cases if the documents contain certain information. *See* Fed. R. Civ. P. 5.2(d)–(e); *see also* D.S.D. Civ. LR 7.1(A).

Because a "common-law right to access judicial records is generally recognized throughout the country[,]" a party attempting to file under seal

10

must demonstrate a compelling reason to do so. *Borella v. Black Hills Surgical Hosp. L.L.P.*, No. 5:24-CV-05079-KES, 2025 WL 1928074, at *2 (D.S.D. July 14, 2025). "Courts maintain substantial discretion in making this evaluation and consider the issue in light of the relevant facts and circumstances of the particular case." *Id.* (citation modified); *see also Noble v. Am. Nat'l Prop. & Cas. Ins. Co*, No. 17-CV-5088-JLV, 2018 WL 11235790, at *2 (D.S.D. Apr. 12, 2018) (denying plaintiff's request to file documents under seal when those documents "are the sort of court documents that are routinely not filed under seal[]"). "[T]here is no doubt that [a plaintiff's] complaint is a 'judicial record' which the public has a presumptive, common-law right to access." *Borella*, 2025 WL 1928074, at *2 (citation omitted). Therefore, Warfield must present a compelling reason to overcome this common-law right of access. *Id.* Warfield's complaint, Docket 1-1, shall remain under seal for 30 days after this order is issued, but Warfield must show cause **within 30 days of the date of this order** why his complaint, Docket 1-1, should remain under seal. *See* D.S.D. Civ. LR 7.1(A) (stating that "[a]ny motion seeking the sealing of pleadings . . . must include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection[]").

## IV.    Conclusion

For these reasons, it is ORDERED:

1.    That Warfield's motion for temporary restraining order, Docket 4, is denied.

2.    That Warfield must show cause **within 30 days of the date of this order** why his complaint, Docket 1-1, should remain under seal.

Dated May 22, 2026.

BY THE COURT:

CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

12